By the Court. Bosworth, J.
If Bettner & Hollis were partners in quarrying the stone and in the results of that business, in the sense that the defendants were, in the case of Bosiwick v. Champion and others, it will be difficult to discriminate between that case and the present.'—Bostwick v. Champion et al, 11 Wend. 571, and 18 Wend. 175.
In the case. cited the defendants, Champion, Bissell, Ewers, & Dodge, run a line of stage-coaches from Utica to Bochester. The route was divided into sections: the section from Utica to Vernon was occupied and run by Dodge; another section, extending west, by Ewers and others; and the remainder of the route by Champion & Bissell. The business was conducted as follows:
The occupants of each section provided their own carriages and horses, employed their own drivers, and paid the expenses of their separate section of the route, except the tolls at the turnpike gates. The moneys received as the fare of passengers, after deducting such tolls, were divided among the occupants of the several sections, in proportion to the number of the miles of the route run by each.
*494 Bostwick’s wife was injured while riding in a wagon, in consequence of a stage running against it, by the carelessness of the driver of the stage.
The injury happened on the section occupied by Dodge. The stage-coach which run against the wagon was owned by him, and the driver of it was employed and paid by him.
All the defendants were held to be partners, as to third persons, to such an extent as to be liable, as such, for such an injury to the party injured; although, as between themselves, the loss ought to be borne by Dodge alone.
By the agreement between Bettner & Hollis, the net proceeds of all the stone -quarried under it, were to be equally divided between them.. What other items of expense, if any, were to be deducted from the gross price for which the stone should be sold, to ascertain and determine the balance deemed to be net proceeds, may not be so clear as to be free from controversy.
While it is certain that no expenses of Hollis, for the wages of men he might hire to perform his part of the agreement, were to be deducted, nor any expenses on the part of Bettner, in drawing the stone from the quarry to the dock, it is quite clear that the cost of the powder used for blasting was to be deducted. By the terms of the contract each was to pay half of that expense, and, of course, its cost must be deducted to ascertain net proceeds.
If any part of the expense of transportation from the dock to Hew York, or of wharfage, slippage, or storage in that city, or of disposing of the stone in that market, were also to be deducted, then there would be some matters, other than the powder, as to which the expense was borne equally, as between themselves.
In Bostwick v. Champion there was but one item of expenditure to be deducted from the gross receipts for passengers’ fares, viz., the tolls at the turnpike gates. The difference between the two amounts was to be divided in definite proportions.
In the case before us one item of expenditure (and perhaps others) was to be deducted from the aggregate of the gross receipts for the stone. In that respect, the two cases are alike.
The stages could not be run and fares earned without paying tolls at the turnpike gates.
The stone could not be blasted and produced from the quarry, so as to be the subjects of sale, according to the terms and *495 purposes of the agreement between Bettner & Hollis, without powder, and making the disbursements necessary to procure it.
In each case the expenditure which is made a charge upon the common fund, or which is to be deducted from it, before any division of profits can be made, is one which is necessary to enable the agreement between the contracting parties to be executed by either.
In each case it is made in order to earn profits by the prosecution of an enterprise or business, in which profits, as such, each is to participate, in stipulated proportions.
Of the agreement between Bettner & Hollis it may be said, that each contributed to the business of quarrying stone and vending them in the market as much as the other. The partners themselves, by their agreement, treat their contributions as equal. Bettner furnished the stone in his quarry, and men and teams, at his own expense, to draw the stone from the quarry to the dock.
Hollis contributed,' at his own expense, the labor necessary to blast and quarry the stone, and to assist Bettner’s teamster in loading the truck at the quarry which was to carry the stone to the dock, and also in loading any boat at the dock which should be engaged to take the stone on freight to Hew York.
Bach was to pay half of the expense of the powder. They both treat what either agrees to do and furnish at his own expense, as equivalent to that to be done and furnished by the other at his expense.
One item of expense, it is expressly stipulated, shall be a common charge. It is unnecessary to determine whether it is not clearly contemplated that there may be other items of expense, which, if incurred, shall be deemed a common charge, and deducted from the gross receipts, in order to ascertain the sum to be equally divided between them.
Bettner & Hollis were, clearly, partners, in respect to the profits of the business.
In this case, as in Bostwick v. Champion, a third person sues to recover compensation for injuries, occasioned by the negligent manner in which the business was conducted.
In the latter case, all the defendants were charged as partners, *496 although the injury was inflicted on a section of the route, occupied and run by only one of their number, under an agreement which required Mm to run it by conveyances, and drivers to be furmshed by himself, and at Ms own expense; and although he was so occupying and running it at the time, and a driver hired, and paid by himself, was guilty of the negligence for wMch the action was brought.
If Bettner & Hollis had been united as defendants in this action, the analogy of the two cases would seem to be perfect throughout.
There is a marked distinction between the facts of this case, and of the cases of Blake v. Ferris (1 Seld. 48), and Peck v. The Mayor of N. Y. (4 Seld. 222), and the prmciples applicable to each.
In the present case, by reason of the partnersMp relation between Bettner & Hollis, the servants and laborers of either, while acting under and executing the agreement on the part of their immediate employers, are, as to third persons, the servants and laborers of the other, in so far, as the results of their negligence, while thus employed,'may affect third persons.
Although hired and paid by one only, and acting at the time under Ms immediate direction, they are acting m a busmess wMch is that of both parties; in the results of wMch one is as much interested as the other, and in the fruits of which each has as much property and right of property as either.
- In the other cases, there was no commumty of mterest between the defendant and the particular contractor, by the negligence of whose employee, the injury was inflicted.
And the law is deemed to be well settled that one partner is liable, in tort, for the acts of his co-partner, in the prosecution of the co-partnersMp business, as well as upon contracts made by one for the benefit of the jomt concern.
And each is liable, in tort, for the negligence of the servant employed, and paid by one of them exclusively, by which a tMrd person is injured, while such servant is engaged in the busmess, from wMch both were to derive, as partners, a profit. (18 Wend. 185, 286).
The plaintiff is entitled to a judgment on the verdict, Judgment was entered accordingly.